J-S65034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERNEST McKNIGHT, | : | |
| | : | |
| Appellant | : | No. 3442 EDA 2016 |

Appeal from the PCRA Order October 19, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0209971-1993

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 16, 2017**

Ernest McKnight ("McKnight"), *pro se*, appeals from the Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  **See** PCRA Court Opinion, 1/19/17, at 1-2.

On appeal, McKnight initially raised the following issues for our review:

---

[1] Although McKnight styled his Petition as a Writ of *Habeas Corpus*, the PCRA court properly treated it as a Petition filed pursuant to the PCRA.  **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); **see also Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (holding that "[n]o other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.").

1. Was all prior counsel[] ineffective for failing to raise the issue of [McKnight's] illegal sentence he originally received from the [trial court?]

2. Is it correct that illegal/incorrect senten[c]es are never waived[?]

3. In the interest of fundamental fairness, cruel and unusual punishment, due process, equal protection and procedural due process[,] does a person (such as [McKnight]) who violate[s] their county probation/parole are resentenced to a term of state incarceration, in violation of 42 Pa.C.S.A. [§] 5505[?]

Brief for Appellant at 2 (some capitalization omitted).

McKnight subsequently filed an Amended Brief, in which he restates his

issues as follows:

1. Is it not correct the sentencing court erred as a matter of law, when; at the initial time of sentencing, the court did not "suspend" [McKnight's] term of imprisonment before the court imposed his sentence of probation, thus resulting in [McKnight] receiving an "illegally imposed" [O]rder of probation?

2. Is it not correct the court sentenced [McKnight] to an "illegal" sentence of probation, thus rendering the sentence that he received for a violation of probation also illegal, as well?

Amended Brief for Appellant at 2 (capitalization omitted, emphasis in original).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]"   42 Pa.C.S.A. § 9545(b)(1) (emphasis added).   A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."   *Id.* § 9545(b)(3).   The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.  *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, McKnight's judgment of sentence became final on June 7, 2010, when the period of time to file an appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa. Super. 2005).  McKnight had until June 7, 2011, to file the instant PCRA Petition, but did not do so until March 24, 2015.   Thus, McKnight's Petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1).   Any PCRA petition invoking one of these

exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **see also Albrecht**, 994 A.2d at 1094.

Here, McKnight has failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Albrecht**, 994 A.2d at 1094.[2] Accordingly, McKnight has failed to overcome the untimeliness of his Petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: _11/16/2017_

---

[2] Rather than addressing any of the PCRA timeliness exceptions, McKnight incorrectly argues that his illegal sentencing claim is (1) cognizable under the PCRA; and (2) cannot be waived. Brief for Appellant at 9. While illegal sentencing claims are cognizable under the PCRA, **see** 42 Pa.C.S.A. § 9543(a)(2)(vii), a PCRA court is without jurisdiction to address such claims unless the petition was timely filed or the petitioner is able to satisfy one of the timeliness exceptions. **See Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011) (holding that "when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious.").

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

**COMMONWEALTH OF PENNSYLVANIA**

**VS.**

**ERNEST MCKNIGHT**

**CP-51-CR-0209971-1993**
**3442 EDA 2016**

**OPINION**

**LEON W. TUCKER, J.**

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act ("PCRA")[1] petition filed on March 24, 2015. On October 19, 2016, the lower court dismissed the PCRA petition for the reasons set forth below.

## I. PROCEDURAL HISTORY

On January 11, 1993, Ernest McKnight (hereinafter referred to as "Petitioner") and an armed companion robbed two boys of their money. On May 14, 1993, Petitioner appeared before the Honorable Arthur S. Kafrissen and entered negotiated guilty pleas to two counts of robbery, conspiracy, and possessing an instrument of crime. Petitioner was sentenced on one count of robbery to eleven and one-half to twenty-three months' incarceration followed by three years' probation. No further penalty was imposed as to the remaining convictions. Petitioner did not pursue a direct appeal. On March 22, 1994, while on parole for the robbery offense, Petitioner was arrested on drug-related charges but fled this jurisdiction shortly thereafter.

On July 11, 2007, after absconding for approximately thirteen years, Petitioner was arrested in Pennsylvania for robbery. On November 9, 2007, following a violation of probation hearing, Petitioner was sentenced to five to seventeen years' imprisonment. Petitioner filed a "Petition to

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.

Vacate and Reconsider Sentence" and on November 21, 2007, the court vacated the sentence. On February 5, 2008, a second violation of probation hearing was held. The court imposed a new sentence of eight to eighteen years' imprisonment. On February 25, 2008, the court again vacated its sentence. On March 19, 2008, a third violation of probation hearing was held. The court resentenced Petitioner to eight to eighteen years' imprisonment. Following a direct appeal, the Superior Court affirmed the judgment of sentence on July 28, 2009.[2] On March 9, 2010, the Pennsylvania Supreme Court denied *allocatur*.[3]

On September 16, 2010, Petitioner filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed a *Turner/Finley* no merit letter.[4] On April 19, 2012, the PCRA court issued an order denying the petition and permitted counsel to withdraw. The Superior Court affirmed the dismissal on April 8, 2013.[5] Petitioner did not seek *allocatur* in the Pennsylvania Supreme Court.

On March 24, 2015, Petitioner filed the instant "habeas corpus" collateral petition, his second. Petitioner submitted numerous supplemental petitions seeking both habeas corpus and PCRA relief. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the PCRA court's intention to dismiss his petition on July 12, 2016. Petitioner submitted a response to the Rule 907 notice on July 25, 2016. On October 19, 2016, the PCRA court dismissed his petition as untimely.[6] On October 28, 2016, the instant notice of appeal was timely filed to the Superior Court.

---

[2] *Commonwealth v. McKnight*, 981 A.2d 928 (Pa. Super. 2009) (unpublished memorandum).
[3] *Commonwealth v. McKnight*, 9 A.3d 628 (Pa. 2010).
[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).
[5] *Commonwealth v. McKnight*, 75 A.3d 547 (Pa. Super. 2013) (unpublished memorandum).
[6] The Honorable Leon W. Tucker issued the order and opinion in this matter in his capacity as Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia – Trial Division as of March 7, 2016, as the trial judge is no longer sitting.

## II. DISCUSSION

### A. Petitioner's habeas corpus petition was reviewed pursuant to the dictates of the PCRA.

Petitioner's instant submissions seeking habeas corpus relief fell within the ambit of the PCRA because they raised a claim potentially remediable under the PCRA. As iterated by the Superior Court,

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; *Commonwealth v. Haun*, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. *Fahy, supra* at 223–224; *Commonwealth v. Chester*, 733 A.2d 1242 (Pa. 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998); *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013).

Here, Petitioner's legality of sentence claim was cognizable under the PCRA. *See* 42 Pa. Cons. Stat. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief."). Moreover, Petitioner did not raise any alternative claims that fell outside the purview of the PCRA. Thus, this court was constrained to review his claim pursuant to the PCRA's dictates.

### B. Petitioner's current petition was manifestly untimely under the PCRA.

Petitioner's PCRA petition challenging the legality of his sentence was facially untimely. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

3

Petitioner's judgment of sentence became final for purposes of the PCRA on June 7, 2010, ninety days after the Pennsylvania Supreme Court denied allowance of appeal and the time for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See id.*; U.S. Sup. Ct. R. 13 (effective January 1, 1990). His current petition, filed on March 24, 2015, was therefore untimely by approximately four years. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

**C. Petitioner was not eligible for the limited timeliness exception under 42 Pa. Cons. Stat. § 9545 (b)(1)(i).**

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of the three narrow exceptions to the mandatory time-bar under subsections 9545(b)(1)(i)-(iii). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

Petitioner's sole reference to the PCRA's time-bar was found in his response to the Rule 907 notice styled "Amended Petition" wherein he invoked the "governmental interference" exception, § 9545(b)(1)(i).[7] *See* 907 Response, 7/25/16 at 3. Petitioner argued that the Superior Court's decision in *Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980) (addressing revocation of

---

[7] The "governmental interference" exception, § 9545(b)(1)(i) requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Williams*, 105 A.3d 1234, 1240 (Pa. 2014) (citing *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)).

4

probation sentences) dissuaded him from seeking collateral relief and therefore constituted governmental interference. Petitioner failed, however, to demonstrate how the Superior Court's 1980 decision in *Wendowski* not just "influenced," but actually obstructed his timely presentation of a claim for collateral relief. Petitioner therefore failed to plead and prove an exception to the statutory time-bar.[8]

## III. CONCLUSION

This court has once again evaluated a collateral petition filed by Mr. McKnight. Petitioner failed to meet his burden of proving an exception to the PCRA's statutory time-bar. Accordingly, for the reasons stated herein, the decision of the court dismissing the PCRA petition should be affirmed.

BY THE COURT:

LEON W. TUCKER, J. /NV

---

[8] Even if Petitioner established jurisdiction, no relief would be due. Contrary to Petitioner's argument, a court can revoke a defendant's probation even before the probation has actually begun, where revocation was based on actions occurring during the parole period and not the probationary period. *See Commonwealth v. Ware*, 737 A.2d 251 (Pa. Super. 1999); *Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980) (holding that a defendant's probationary sentence could be revoked prior to commencement of such sentence if his conduct after the probationary sentence was imposed, but before it began, warranted such revocation). Moreover, the Superior Court previously determined that Petitioner's revocation sentence was legal. *See Commonwealth v. McKnight*, 2013 WL 11271520 at 4 (Pa. Super. 2013).

5